J-S20012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERMAINE WIGGINS | : | |
| | : | |
| Appellant | : | No. 783 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 22, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000549-2022

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                                  **FILED: JULY 1, 2025**

Appellant, Germaine Wiggins, appeals from the judgment of sentence entered April 22, 2024, as made final by the denial of his post-sentence motion on April 29, 2024. In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). On January 21, 2025, Appellant filed a *pro se* motion, titled "Motion in Response to Brief," in this Court, in which he responded to counsel's **Anders** brief and raised additional claims for our review. After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the relevant facts and procedural history of this case as follows.

[O]n November 17, 2022, the Commonwealth charged [Appellant] by amended information with: Count [one] – persons not to possess, use, manufacture, control, sell, or transfer firearms [] and; Count [two] – simple assault.[1] On February 6, 2024, [Appellant] pled guilty to both counts. The [trial] court deferred sentencing pending preparation of an evidence-based risk assessment. On April 22, 2024, the [trial] court imposed an aggregate sentence of not less than [six] nor more than 14 years in a state correctional institution plus fines and costs.

On April 24, 2024, [Appellant], through his counsel at the time, Illon Ross Fish, Esq[uire], filed a motion to reconsider sentence. The [trial] court denied [Appellant's] motion to reconsider sentence on April 29, 2024.

On May 16, 2024, although Attorney Fish remained counsel of record, [Appellant] filed, *pro se*, a notice of appeal and motion to [reconsider his] sentence. By [] order filed June 13, 2024, served upon Attorney Fish, [the trial court] provided a copy of the *pro se* filing and directed counsel to proceed as deemed necessary. On June 13, 2024, [the trial court] issued [an order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file a concise statement of errors complained of on appeal].

On August 2, 2024, [this Court] issued an order which [granted] Attorney Fish's application to withdraw from representation of [Appellant] on appeal. The August 2, 2024 [o]rder set forth[] directions to the trial court to determine [Appellant's] eligibility for court-appointed counsel and [to either] appoint counsel or notify th[is Court] of ineligibility. In compliance with the August 2, 2024 order, [the trial court] conducted a hearing on September 17, 2024. Based upon the hearing[, the trial court] issued an order on September 17, 2024, which deemed [Appellant] entitled to representation and reflected that the Dauphin County Office of the Public Defender appeared and assumed representation of [Appellant].

On September 17, 2024, the Dauphin County Office of the Public Defender, by Spencer H.C. Bradley, Esq[uire], filed a motion for extension of time within which to file a [Rule] 1925(b) statement. By [] order [dated] September 18, 2024, [the trial court] granted [Appellant's] request for an extension

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 2701(a)(3), respectively.

of 14 days [following] the filing of transcripts. The transcripts of sentencing were filed of record on September 20, 2024. [On October 1, 2024, in accordance with Pa.R.A.P. 1925(c)(4), Attorney Bradley informed the trial court of his intention to file a brief pursuant to *Anders*/*Santiago*].

Trial Court Opinion, 11/26/24, 1-2 (footnotes omitted) (footnote added).

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of

this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous.

The first issue raised in the *Anders* brief is a challenge to the validity of Appellant's guilty plea. "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct

appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted). "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Id.*** at 609-610, *citing* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). "Failure to employ either measure results in waiver." ***Lincoln***, 72 A.3d at 610 (citation omitted). "Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Id.*** (citation, internal quotations, and brackets omitted); ***see also*** Pa.R.A.P. 302(a) (issues not preserved in the trial court may not be pursued before this Court).

In this case, Appellant waived his challenge to the validity of his guilty plea. Indeed, a review of the transcripts from his plea and sentencing hearings show that Appellant did not object on the record. ***See*** N.T. Plea Hearing, 2/6/24, 1-8; ***see also*** N.T. Sentencing Hearing, 4/22/24, at 1-22. While Appellant filed a post-sentence motion, he confined his claims to a request that the trial court impose a "mitigated sentence" in light of various mitigating factors. Appellant's Motion for Reconsideration, 4/24/24 at *1 (unpaginated). Appellant never moved to withdraw his plea, never asserted trial court error in accepting the plea, and never expressly or impliedly questioned the validity of his plea. Thus, the issue is waived. Therefore, we

agree with counsel's assessment that, because Appellant waived his claims, "pursing th[e] matter on direct appeal is frivolous." ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008).

Next, we address a conceivable challenge to the discretionary aspects of Appellant's sentence. Ostensibly, Appellant claims that the trial court abused its discretion in fashioning his sentence because it did not adequately consider certain mitigating factors. ***See*** Appellant's Motion to Reconsider Sentence, 4/24/24, at *1-*2 (unpaginated) (arguing that Appellant "presented enough evidence to justify a mitigated sentence," namely, that "[t]here was [no] victim impact statement" and that Appellant had "removed himself from [negative] influence," "obtained more solid employment" and "remained crime free" since his arrest.); ***see also Anders*** Brief at 20 ("The question would be whether [Appellant] invoked a substantial question in claiming that he presented substantial evidence to justify a mitigated range sentence").

This Court has previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):
>
>> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine:
> (1) whether appellant [] filed a timely notice of
> appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the
> issue was properly preserved at sentencing or in a
> motion to reconsider and modify sentence, **see**
> Pa.R.Crim.P. 720; (3) whether appellant's brief has a
> fatal defect, [see] Pa.R.A.P. 2119(f); and (4) whether
> there is a substantial question that the sentence
> appealed from is not appropriate under the
> Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [**Moury**, 992 A.2d] at 170 [(citation omitted)].  We evaluate on
> a case-by-case basis whether a particular issue constitutes a
> substantial question about the appropriateness of sentence.
> **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super.
> 2001).

**Commonwealth v. Hill**, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original

brackets omitted).  If an appellant fails to raise a challenge to the discretionary

aspects of a sentence either by presenting a claim to the trial court at the time

of sentencing or in a post-sentence motion, then the appellant's challenge is

considered waived.  **Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa.

Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa.

2013).  A substantial question exists when an appellant presents a colorable

argument that the sentence imposed is either (1) "inconsistent with a specific

provision of the sentencing code" or (2) is "contrary to the fundamental norms

which underlie the sentencing process."  **Commonwealth v. Mastromarino**,

2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Herein, Appellant complied with the first three requirements above.

Indeed, Appellant filed a motion seeking reconsideration of his sentence on

April 24, 2024, Appellant filed a timely notice of appeal and, because counsel

filed an **Anders** brief, this Court "review[s] the matter even absent a separate Pa.R.A.P. 2119(f) statement." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015). We must, therefore, address whether Appellant's claim raises a substantial question. We conclude that it does not. Indeed, our case law is clear that claims of inadequate consideration of mitigating factors do not raise a substantial question. **See Commonwealth v. Crawford**, 257 A.3d 75, 79 (Pa. Super. 2021); **see also Commonwealth v. Velez**, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain."). As Appellant did not raise a substantial question, we will not review the merits of his remaining discretionary sentencing claim.

We now turn to the allegations Appellant set forth in his *pro se* response to counsel's **Anders** brief, which he filed in this Court on January 21, 2025.[2]

---

[2] This Court explained the procedure for reviewing both an **Anders** brief and a *pro se* filing as follows:

> [W]hen an appellant, either acting *pro se* or through private counsel, files a response to the **Anders** brief, our independent review is limited to those issues raised in the **Anders** brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief. Such approach is supported by *dicta* in **Commonwealth v. Baney**, 860 A.2d 127 (Pa. Super. 2004), which stated:
>
> > 1. The Superior Court should initially consider only the **Anders** brief to determine whether the issues are in fact wholly frivolous.

*(Footnote Continued Next Page)*

- 8 -

While Appellant's filing is not altogether clear, we glean the following: (1) Appellant raises claims of ineffective assistance of counsel; (2) Appellant argues that the Commonwealth violated his constitutional rights by, *inter alia*, amending the criminal information even though the Commonwealth could not prove that he was in physical possession of a firearm; (3) Appellant contends that his conviction under 18 Pa.C.S.A. § 6105(a)(1) violates his Second Amendment right to bear arms under the United States Constitution; and (4) Appellant challenges the legality of his sentence.

---

2. If the Court determines that the issues are not wholly frivolous, it should grant relief accordingly.

3. If it finds the issues in the ***Anders*** brief to be wholly frivolous, the Court should determine whether the defendant has been given a reasonable amount of time to either file a *pro se* brief or obtain new counsel. ***See Anders***, 386 U.S. at 744 ("A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses").

4. When a reasonable amount of time has passed and no *pro se* or counseled brief has been filed, the Court should dismiss the appeal as wholly frivolous pursuant to its initial determination and affirm the decision of the trial court.

5. When a *pro se* or counseled brief has been filed within a reasonable amount of time, however, the Court should then consider the merits of the issues contained therein and rule upon them accordingly.

***Commonwealth v. Baney***, 860 A.2d 127, 129 (Pa. Super. 2004).

***Commonwealth v. Bennett***, 124 A.3d 327, 333–334 (Pa. Super. 2015) (parallel citations omitted).

- 9 -

Initially, we note that we are precluded from reviewing most of Appellant's claims. Indeed, it is settled law that, except in limited circumstances not present in this case, claims of ineffective assistance of counsel may not be raised on direct appeal. *Commonwealth v. Cook*, 175 A.3d 345, 351 n.3 (Pa. Super. 2017). Accordingly, Appellant is not entitled to review of his ineffective assistance of counsel claims on this direct appeal. Moreover, as stated above, Appellant entered a guilty plea in this instance and, as such, waived review of all challenges on direct appeal, with the exception of the jurisdiction of the trial court, the validity of his plea (here, separately unpreserved in the absence of a post-sentence motion), and the legality of his sentence. *See Lincoln*, *supra* at 609. Hence, we are precluded from reviewing, *inter alia*, Appellant's challenge to the amendment of the criminal information, as well as his claims with respect his conviction under 18 Pa.C.S.A. § 6105(a)(1), constitutional or otherwise.

We therefore turn to Appellant's claim regarding the legality of his sentence: Appellant's only claim that is not subject to waiver. In his *pro se* response, Appellant argues that the trial court erred in failing to award him time-credit for the time he spent on electronic home confinement. Appellant's claim fails.

"A claim asserting that the trial court failed to award credit for time served implicates the legality of a sentence." *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018) (citation omitted). As stated above, despite the entry of a guilty plea, an appellant retains the right to challenge

the legality of his sentence on direct appeal. *See Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) (defendant's entry of guilty plea does not preclude challenge to legality of sentence on direct appeal). "Issues relating to the legality of a sentence are questions of law [and o]ur standard of review over such questions is *de novo* and the scope of review is plenary." *Gibbs*, 181 A.3d at 1166 (citation omitted).

In *Commonwealth v. Kyle*, 874 A.2d 12 (Pa. 2005), our Supreme Court considered "whether an individual is in custody for purposes of awarding credit toward a prison sentence for time spent subject to home confinement with electronic monitoring." *Id.* at 13. Ultimately, the Court established a bright-lined rule and expressly held that the "time spent on bail release, subject to electronic monitoring, does not qualify as custody for purposes of [42 Pa.C.S.A. §] 9760 credit against a sentence of incarceration." *Id.* at 20. Because Appellant is not entitled to the time-credit which he seeks, his challenge to the legality of his sentence fails.

We have independently considered the issues raised within counsel's *Anders* brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/01/2025